IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| In the Matter of the Complaint of )<br>BRANSON DUCK VEHICLES, LLC as )<br>Owner and; RIPLEY ENTERTAINMENT, )<br>INC., as Owner *pro hoc vice* of the STRETCH )<br>DUCK 07 for Exoneration from or Limitation )<br>Of Liability )<br>) | Consolidated<br>Case Nos.  6:18-cv-03339-MDH<br>6:19-cv-05006-MDH |

## ORDER

On November 14, 2019, the Court heard oral argument regarding whether admiralty jurisdiction exists over the claims raised in this lawsuit.  The Court also heard argument regarding Ride the Ducks International's standing to invoke the Limitation of Liability Act.   The parties have fully briefed the issues and the Court has reviewed the record before it.  After careful review of the record and for the reasons set forth herein, the Court finds admiralty jurisdiction does not apply.

**Ride the Ducks International Lacks Standing as a Prior Owner of the Vessel.**

The Court finds Ride the Ducks International lacks standing under the statutory protections of the Limitation of Liability Act ("Act").  The Act applies to an "owner" of a vessel which also "includes a charterer that mans, supplies, and navigates a vessel at the charterer's own expense or by the charterer's own procurement."  46 U.S.C.A. § 30501.

Here, Ride the Ducks International was not an owner, or charterer, of the Stretch Duck 07 at the time of the July 19, 2018 disaster.   Rather, Ride the Ducks International argues the Act should apply to it as a previous owner because of the time and money it invested into Stretch Duck 07, prior to the sale of the vessel to Ripley on December 1, 2017.  The only legal authority Ride

The Ducks International submits in support of the argument that prior ownership is sufficient to invoke standing is an opinion from the Northern District of California which is not persuasive and not binding on this Court.

The Court finds Ride the Ducks International was not an owner of the vessel at the time of the July 19, 2018 tragedy and for purposes of invoking the Limitation of Liability Act, therefore, does not have standing to assert admiralty jurisdiction. The Court declines to expand application of the Act to Ride the Ducks International as a former owner of Stretch Duck 07. Such an expansion is not supported by the plain language of the Act. Therefore, the Court **ORDERS** that Ride the Ducks International's complaint in admiralty is dismissed for lack of standing.

**Admiralty Jurisdiction Does Not Apply to Table Rock Lake.**

In discussing admiralty jurisdiction as it relates to a Limitation of Liability Act case, the Eighth Circuit has stated: "[n]avigability is a term subject to different definitions depending upon the context of a case. In some cases, the term has a different meaning from that expressed in admiralty cases." *Three Buoys Houseboat Vacations U.S.A. Ltd. v. Morts*, 921 F.2d 775, 778 (8th Cir. 1990) (internal citations omitted) ("While there is ample case law describing navigability in contexts which do not concern admiralty, we are concerned with navigability only as it relates to admiralty. *Livingston* is the most complete statement from this court in that regard.").

The Eight Circuit specifically stated:

> …despite the criticisms expressed in *Finneseth v. Carter*, 712 F.2d 1041, 1045 (6th Cir. 1983), and until Supreme Court authority to the contrary, *Livingston* remains the controlling authority in *this court* for the determination of what is a navigable waterway. <u>The standard is one of contemporary navigability in fact.</u>

*Id.* (internal citations and quotations omitted) (emphasis added).

> In The Daniel Ball ... the Court said: Those rivers must be regarded as public navigable rivers in law which are navigable in fact. And they are navigable in fact when they are used, or are susceptible of being used, in their ordinary condition, as

> highways for commerce, over which trade and travel are or may be conducted in the customary modes of trade and travel on water.

*Id.* at 778-79 (internal citations and quotations omitted). The Eighth Circuit held Lake of the Ozarks is not a navigable waterway because *present* navigability is not possible and therefore admiralty jurisdiction did not apply. *Id.* at 779.[1] The Eighth Circuit has stated " federal admiralty jurisdiction turns on contemporary navigability in fact." *Livingston v. United States,* 627 F.2d 165, 170 (8th Cir. 1980).

Here, this Court is governed by Eighth Circuit law. While the Court acknowledges the record before it is extensive regarding the current recreational and tourist activity on Table Rock Lake, there is no meaningful evidence of trade or transportation activity such as to make the lake a "highway for commerce." The Eighth Circuit law binding on this Court holds that admiralty jurisdiction does not exist on Table Rock Lake.

> Admiralty jurisdiction in this case turns on contemporary navigability in fact. Although we acknowledge the Sixth Circuit's decision in *Finneseth v. Carter*, 712 F.2d 1041 (6th Cir.1983), in which the court held that an interstate lake was navigable for purposes of invoking admiralty jurisdiction because of a showing of the lake's capability or susceptibility for use as an interstate highway of commerce, we need not address that issue under the facts of this case.

*Edwards v. Hurtel*, 717 F.2d 1204, 1205 (8th Cir. 1983), aff'd on reh'g, 724 F.2d 689 (8th Cir. 1984). The Court acknowledges the Eighth Circuit's opinion in *Edwards* was guided by judicially noticed facts from the district court. However, this Court does not have authority to overrule the Eighth Circuit's decision in *Edwards* that Table Rock Lake is not a navigable waterway. It is

---

[1] "First, the Lake of the Ozarks is not navigable in fact because of the existence of the Bagnell Dam. Neither the possibility of future navigation in the event the Army Corps of Engineers removes the dam nor the prior alleged navigability of the Osage River before the existence of the dam alters the present facts. The lake cannot be negotiated past the dam. Present navigability is the standard, and present navigability, as we construe it for admiralty and like purposes, is not possible on the Lake of the Ozarks" *Id.*

appropriate that this Court follow binding precedent unless and until overruled by the 8th Circuit or the U.S. Supreme Court.

In any event, after consideration of the evidence presented, the Court finds Table Rock Lake fails a test of contemporary navigability. While the shores of the lake touch two different states, the Court believes the test for contemporary navigability requires more than recreational boating and tourist activity. The lake is not a highway for commerce over which trade and travel is, or could be, conducted under the customary modes of trade and transit as contemplated in *The Daniel Ball*, 77 U.S. 557 (1870), or in the manner other navigable lakes and rivers subject to admiralty jurisdiction are used. Neither people nor goods are shipped across the lake as part of interstate commerce. No tug boats, barges or ferries operate on the lake and it would not be economically feasible for any to do so. Table Rock Lake is, instead, a recreational lake used for fishing, water sports and recreation. Extending the provisions of the Limitation of Liability Act to this recreational lake would not further the purposes underlying the Act's adoption.

As a result, the Court finds Table Rock Lake is not subject to admiralty jurisdiction for purposes of invoking the Limitation of Liability Act as it is not a navigable waterway under the binding precedent of this Circuit. The Court finds the Limitation Plaintiffs' complaints should be and hereby are dismissed.[2]

Further, the Court denies the Motion to Exclude the Opinions of John Cameron, Claude Harris, James Hall, and Michael Donelon. (Doc. 189). The Court also denies the Motion to Strike the Affidavits of Sam Barr and Robert Hathaway. (Doc. 191). To the extent legal opinions may

---

[2] This Court's ruling on jurisdiction for purposes of invoking the Limitation of Liability Act in this case shall not be construed to apply to jurisdictional issues related to any criminal proceedings arising out of the July 19, 2018 incident. Jurisdictional issues relating to the criminal proceedings, if any, shall be taken up by the Court in the criminal case if and when such issues are raised by the parties to those proceedings.

be contained in the opinions or affidavits they have been disregarded by the Court in rendering this decision on navigability.

Wherefore, the Court **ORDERS** these consolidated cases, and each of them, dismissed.

**IT IS SO ORDERED.**

Date:  November 27, 2019                                             _/s/ Douglas Harpool_
                                                                                          DOUGLAS HARPOOL
                                                                                          UNITED STATES DISTRICT JUDGE